DEC 1 5 2004

BRENDA K. ARGOE, CLERK
United States Bankruptcy Court
Columbia, South Carolina

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF SOUTH CAROLINA

ENTER

DEC 1 5 2004

D.L.L.

| IN RE:<br><br>Richard Jerome Breibart,<br>Debtor.<br><br>Mary Breibart,<br>Plaintiff,<br><br>v.<br><br>Richard Jerome Breibart,<br>Defendant. | C/A No. 03-07440-W<br><br>Adv. Pro. No. 04-80195-W<br><br>ORDER<br><br>Chapter 7 |
|---|---|

THIS MATTER comes before the Court upon a motion for summary judgment filed by Mary Breibart (the "Plaintiff") and Richard Breibart's ("Debtor" or "Defendant") opposition thereto. Based upon the record of the case, arguments of counsel and the pleadings presented, including the supporting affidavits, the Court makes the following findings of fact and conclusions of law.[1]

## FINDINGS OF FACT

1.   Debtor and Plaintiff were divorced by issuance of a decree (the "Divorce Decree") in 1998. The Divorce Decree incorporated the Complete Custody, Support and Property Settlement Agreement (the "Agreement") entered into by the parties.

2.   Debtor filed his petition for bankruptcy under Chapter 7 of the United States Bankruptcy Code on June 19, 2003.

3.   The Agreement provides as follows, in relevant part, under Section III, Alimony:

---

[1]   The Court notes that to the extent any of the following Findings of Fact constitute Conclusions of Law, they are adopted as such, and to the extent any Conclusions of Law constitute Findings of Fact, they are so adopted.

<u>Wife's Lump Sum Alimony Payable in Monthly Installments</u>:

Husband shall pay Wife the sum of $1,000 per month, commencing and effective with the month of April 1998 and continuing through the month of September, 2005; beginning with the month of September, 2005 and continuing through the month of August, 2009, Husband shall pay Wife the sum of $300 per month. . . . The monthly alimony payments specified in this paragraph shall be taxable to Wife and deductible by Husband, and they shall terminate in the event of any of the following circumstances . . . .

<u>Monthly Residence Payments as Alimony</u>:

As an additional incident of support for the benefit of Wife, without which Wife would be unable to meet her daily needs, Husband is required to pay in full and satisfy, by September 1, 2005, the current indebtedness on the Hollow Cover residence . . . . However . . . the parties agree that no more than $1,000 per month of the principal payments made by Husband on the two residence mortgages shall be treated as alimony to Wife, taxable to Wife and deductible by Husband. As an alternative, Husband may, at his election, deduct up to $1,000 from the monthly mortgage obligation and pay that amount directly to Wife as alimony.

4. Plaintiff filed a complaint (the "Complaint") on June 24, 2004, seeking a determination that the debts listed above are nondischargeable pursuant to 11 U.S.C. § 523(a)(5).

## SUMMARY JUDGMENT STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure, applicable to adversary proceedings under the Bankruptcy Code by Federal Rule of Bankruptcy Procedure 7056, provides that summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56. Summary judgment is appropriate "if the evidence is such that a reasonable jury could not return a verdict for the nonmoving party." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). In determining whether summary judgment is appropriate, the court must view

2

all evidence in the light most favorable to the nonmoving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

The moving party has the initial burden to show that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. Celotex Corp v. Catrett, 477 U.S. 317, 332 (1986). Once this initial showing is made, the burden of production shifts to the nonmoving party. The nonmoving party must "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324; see also Fed. R. Civ. P. 56(e). In meeting this burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts and must demonstrate there is a genuine issue for trial." Matsushita, 475 U.S. at 586-87; see also Campbell v. Deans (In re J.R. Deans Co.), 249 B.R. 121, 128 (Bankr. D.S.C. 2000) (quoting Dunes Hotel Assoc. v. Hyatt Corp. (In re Dunes Hotel Assoc.), 194 B.R. 967, 976 (Bankr. D.S.C. 1995)) ("'[T]he party opposing summary judgment may not merely rely on his pleadings but must set forth specific facts which controvert the moving party's facts and which show the existence of a genuine issue for trial.'"). The Court should grant summary judgment "against a party who fails to make a showing sufficient to establish the evidence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Dunes Hotel Assoc., 194 B.R. at 976 (citing Celotex, 477 U.S. at 322).

### CONCLUSIONS OF LAW

Plaintiff contends that there are no genuine issues of material fact in dispute, and that she is thus entitled to judgment as a matter of law on her Complaint seeking nondischargeability pursuant to 11 U.S.C. § 523(a)(5) of certain obligations of Debtor arising from the Divorce

3

Decree. Debtor contends that the central issue for this Court to consider is the intent of the parties and that there is a factual dispute as to whether the parties intended for the payments to be alimony, thus summary judgment should be denied.

It appears from a review of Debtor's 1998 – 2003 tax returns that Debtor has consistently treated the $1,000/month cash payment made to Plaintiff as well as $1,000 of the monthly mortgage payments as alimony. Debtor's response to the deductions taken is that in 2003, Debtor only claimed $12,000 as an alimony payment. Plaintiff alleges that no deduction was taken for the mortgage payment inasmuch as certain payments were not made. In any event, the relevant inquiry for this Court to consider has been precisely dealt with by the Fourth Circuit Court of Appeals in Robb-Fulton v. Robb (In re Robb), 23 F.3d 895 (1994). In Robb, the Fourth Circuit considered whether a debtor could discharge his obligation for monthly payments to his ex-wife that arose as part of a voluntarily executed marital settlement pursuant to 11 U.S.C. § 523(a)(5).

In that case, the record revealed that the debtor had classified the payments as alimony on his income tax returns. The Court then considered a line of authority holding that the doctrine of quasi-estoppel precluded debtors from subsequently claiming that the payments are something other than alimony when they are indicated as such on the debtor's tax returns. Under these circumstances, the doctrine provides that "quasi-estoppel forbids a party from accepting the benefits of a transaction or statute and then subsequently taking an inconsistent position to avoid the corresponding obligations or effects." Id. at 898 (citing In re Davidson, 947 F.2d 1294, 1296-97 (5th Cir. 1991)).

The Fourth Circuit specifically held that quasi-estoppel precludes a debtor from avoiding the effects of his classification as alimony for tax purposes. Id. at 899. In so doing, the Court

4

rejected a determination made by the Tenth Circuit in In re Sampson that the court must still determine the intent of the parties, and that the debtor's tax treatment was merely probative of such intent. Id. at 899 (citing Sampson, 997 F.2d 997 F2d 717 (10th Cir. 1993)).

Debtor attempts to distinguish the facts of Robb based upon the fact that the non-debtor Plaintiff in this case has failed to file tax returns, that such failure to file is indicative of Plaintiff's treatment of the payments at issue as contrary to her position, and that Plaintiff should be estopped from claiming otherwise.[2] Nevertheless, the issue before this Court, as set forth in Robb, is the dischargeability in Debtor's case of his debts as well as Debtor's actions in "accepting the benefits of a transaction or statute and then subsequently taking an inconsistent position to avoid the corresponding obligations or effects." Id. at 898. Accordingly, based upon the authority provided by the Fourth Circuit, the Court need not inquire further and finds that Debtor is estopped from asserting a position other than that consistently taken on his tax returns – that the $1,000 monthly cash payments and $1,000 of the monthly mortgage payments constitute a nondischargeable debt pursuant to 11 U.S.C. § 523(a)(5). Inasmuch as no genuine issue of material fact exists and Debtor is entitled to judgment as a matter of law with respect to these payments, the Court grants partial summary judgment with respect to these obligations to Plaintiff.

Nevertheless, the doctrine of quasi-estoppel does not fully resolve the issue of the remaining obligations and their dischargeability. The remaining obligations consist of the portion of the mortgage payments over the $1,000 already addressed as well as the obligation of Debtor to pay in full and satisfy, by September 1, 2005, the current mortgage indebtedness on the residence. This remaining matter requires the Court to consider a recurring theme in the

---

[2] Debtor also contends that that Plaintiff has made statements in which she has indicated that the mortgage payments are not alimony or income to her.

5

interrelation between bankruptcy law and domestic law – the debtor's entitlement to a fresh start versus the overriding public policy favoring the enforcement of familial obligations. Robb, 23 F.3d at 897; In re Evans, 278 B.R. 407, 410 (Bankr. D. Md. 2002). Debtor contends that the primary issue to be considered by the Court is the intent of the parties, and that given the fact-intensive nature of such inquiry, summary judgment is not proper. Based upon Debtor's broad interpretation of the standard, no bankruptcy court could properly discern the intent of the parties without trial and summary judgment motions based upon a § 523(a)(5) action would be rendered meaningless. The Court notes that the standard does not appear to preclude summary judgment on the issue of intent in all instances. See, e.g., Evans, 278 B.R. 407 (granting summary judgment on a § 523(a)(5) action following an examination of the parties' agreement to ascertain intent). See generally Catron v. Catron (In re Catron), No. 94-1279, 1994 WL 707966, at **3 (4th Cir. 1994) (noting that burden of proving nondischargeability can be satisfied if agreement, which is persuasive evidence of the parties' intent, is introduced into evidence and the opposing party stood mute).

Nevertheless, the Court finds, based upon the submissions of the parties, that a genuine issue of material fact exists with respect to the parties' mutual intent.[3] First, despite the categorization of the payments as alimony and the language indicating support in the Agreement, the Agreement further separately delineates Debtor's responsibility for making the monthly payments on the residence mortgage debt and to satisfy such mortgage by September 2005 in the "Division of Marital Property" portion of the Agreement. Second, Debtor produced an affidavit of the certified public accountant requested by the parties during the divorce to "determine a payment structure that could incorporate the property settlement needs of the parties in an

---

[3] The Court has also been presented with conflicting affidavits by each individual party with respect to their intent as well as additional affidavits presented by Debtor.

6

affordable way." While the affidavit references the possibility that the payments may be considered alimony, it also indicates that the overall tenor of the negotiations may have been in the nature of a property settlement. Accordingly, given that this matter is before the Court on summary judgment, and considering the evidence in the light most favorable to the nonmoving party, the Court finds the existence of a genuine issue of material fact at this stage for which Debtor will be entitled to proceed to trial.

Accordingly, it is hereby

**ORDERED** that Plaintiff is granted partial summary judgment to the extent set forth herein, and the $1,000 monthly cash payment as well as $1,000 of the monthly mortgage payments, as described herein, are nondischargeable pursuant to 11 U.S.C. § 523(a)(5); and it is further

**ORDERED** that nondischargeability of the remaining obligations, the portion of the mortgage payments over the $1,000 already addressed as well as the obligation of Debtor to pay in full and satisfy, by September 1, 2005, the current mortgage indebtedness on the residence, shall proceed to trial.

**AND IT IS SO ORDERED.**

UNITED STATES BANKRUPTCY JUDGE

Columbia, South Carolina,
December 15, 2004.